## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                        CHAPTER 13 CASE NO.:

**STEPHANIE JONES NORWOOD AND**
**STEVEN WAYNE NORWOOD**                                                   **22-12343-JDW**

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (DKT. #9)

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after reviewing the voluntary petition (the "Petition"), Schedules, Statement of Financial Affairs, and conducting the Section 341(a) Meeting of Creditors, and files this Objection to Confirmation of Chapter 13 Plan (the "Objection"), and in support thereof states as follows:

1.  The Debtors commenced this proceeding by filing a voluntary petition on September 15, 2022 (the "Petition Date"). The Debtors filed a proposed Chapter 13 Plan (Dkt. #9) (the "Plan") on September 19, 2022.

2.  The Debtors are below median income, and the proposed term of the Plan is sixty (60) months. Section 5.1 of the Plan does not provide for a distribution to nonpriority unsecured creditors. The liquidation value in Section 5.1 of the Plan is zero ($0).

3.  The Debtors' Schedules fail to disclose all assets and liabilities as required by 11 U.S.C. § 521(a)(1)(B)(i); therefore, the requirement of §1325(a)(1) is not met. Specifically, the Debtors failed to disclose a 2012 Chevrolet Silverado on Schedule A/B (Dkt #7, Pg. 4) according to the Proof of Claim filed by Ally Financial (Clm. #12-1). Additionally, the Joint Debtor testified at the telephonic Section 341(a) Meeting of Creditors conducted on November 15, 2022 (the "341 Meeting") that he has a pending lawsuit against his former employer which is not disclosed as required by question thirty-three (33) on Schedule A/B (Dkt. #7, Pg. 8).

4.      The Debtors' Schedules I and J fail to accurately report the Debtor's current income and expenditures as required by 11 U.S.C. § 521(a)(1)(B)(ii); therefore, the requirement of §1325(a)(1) is not met. Specifically, the Joint Debtor testified at the 341 Meeting that he has a new job. Therefore, Schedule I (Dkt. #7, Pgs. 35-36) must be amended to disclose the Joint Debtor's current employer and income.

5.      The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and 1325(a)(3). The Plan has not been proposed in good faith because the Debtors failed to provide for the treatment of the secured claims of the Mississippi Department of Revenue (Clm. #4-1) and Ally Financial (Clm. #12-1). The local form Chapter 13 Plan and Motions for Valuation and Lien Avoidance (the "Local Form Plan") approved by this Court provides that "[t]he treatment of ALL secured and priority debts must be provided for in this plan."

6.      The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and 1322(a)(2) because it fails to provide for the treatment of the priority claim of the Internal Revenue Service (Clm. #8-2). The local form Chapter 13 Plan and Motions for Valuation and Lien Avoidance (the "Local Form Plan") approved by this Court provides that "[t]he treatment of ALL secured and priority debts must be provided for in this plan."

7.      The Plan fails to comply with 11 U.S.C. § 1325(a)(1). Section 3.1(a) of the Plan provides that the ongoing mortgage payments shall be paid beginning in December 2022 to the Bank of Holly Springs ("BOHS"). However, the Plan will not be sufficiently funded to allow for the disbursement to BOHS and all other creditors at confirmation due to the failure to the delinquency in plan payments in the amount of $700.00 as of October 2022.

8. The Plan fails to comply with 11 U.S.C. §§ 1325(a)(9) and 1308. The Debtor has failed to file her 2019 and 2020 Federal tax returns according to the Amended Proof of Claim filed by the Internal Revenue Service (Clm. #8-2).

9. The Debtors should timely remit all plan payments due under the Plan prior to the hearing, or the case should be dismissed for failure to comply with the proposed Plan.

10. For the reasons set forth herein, the Trustee submits that confirmation of the Plan should be denied, and the case should be dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: November 22, 2022.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, MS 39211
(601) 355-6661
mvardaman@barkley13.com

**CERTIFICATE OF SERVICE**

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that I either mailed by United States Postal Service, first-class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: November 22, 2022.

                                        /s/ Melanie T. Vardaman
                                        MELANIE T. VARDAMAN